[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT, GIGA PLUS, INC.
This is an action by the plaintiff, Shon McGillicuddy, against defendants Giga Plus, Inc., d/b/a The Wooden Rail ("Giga Plus"), a restaurant and/or bar, and Michael Jamrock, an individual who was alleged to have been employed by the bar as a disc jockey, for injuries received when McGillicuddy, who was a patron of the defendant bar, was allegedly assaulted by Jamrock.
The complaint alleges that Giga Plus owned and operated the wooden Rail when McGillicuddy was allegedly assaulted, and hired or contracted for the services of Jamrock.
Count two of the complaint, the only count which is directed at Giga Plus, alleges that Giga Plus was negligent in several respects, including failure to conduct a background check of Jamrock, in failing to take action to prevent Jamrock from assaulting the plaintiff, and in failing to take action to prevent harm to the plaintiff once the alleged assault began. The pleadings have been closed.
Defendant, Giga Plus, no moves for summary judgment, which motion is supported by the affidavit of Patrick Mushorn, manager of the Wooden Rail, excerpts from the deposition of plaintiff Shon McGillicuddy dated April 3, 1991, and a memorandum of law. Plaintiff has filed a memorandum of law in opposition to the motion, unsupported lay any affidavits or other documentary proof.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987).
While a party opposing a motion for summary judgment is well-advised to file appropriate documentary proof in support of his objection, the failure to do so does not bar him from attacking the sufficiency of the movant's affidavit and other proof. Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 514-518, 391 A.2d 157 (1978). Moreover, the opposing CT Page 980 party has no obligation to establish by counter-affidavit the truth of any allegations the movant has not challenged in its motion for summary judgment. Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 491, 280 A.2d 359 (1971).
In its motion for summary judgment, the defendant has addressed many of the allegations of negligence upon which the plaintiff might recover, most notably those involving negligent hiring. However, the defendant has not established the nonexistence of all issues of material fact. In particular, the defendants motion fails to address the plaintiff's allegations that the defendant was negligent in failing to prevent the fight, in failing to break up the fight, and in other particulars relating to the duty of the defendant trial its premises safe for its patrons. Our supreme court has stated that the granting of summary judgment in ordinary negligence if problematic since "issues of negligence are ordinarily not susceptible of summary disposition, but should be resolved in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984), citing Spencer v. Good Earth Restaurant Co., 164 Conn. 194, 199, 319 A.2d 403 (1972). The moving party has the burden of showing the absence of any genuine issues as to all material facts. Fogarty v. Rashow, supra, 445; Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382
(1971).
Because the plaintiff has alleged that the defendant was negligent in failing to prevent the alleged assault and in failing to take action once it began, and because the defendant as not offered documentary proof with respect to these issues, the defendant has not met its burden of showing the absence of any genuine issues as to all material facts.
Motion for Summary Judgment denied.
WAGNER, J.