[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #147
This negligence action, brought by Gene and Diane McDaniel, arises out of a four car "chain reaction" accident which occurred in 1988, in which it is alleged that the fourth vehicle, driven by defendant Sears, hit a vehicle driven by defendant Avenoso, which then hit a vehicle driven by defendant Perrotta, which in turn hit the car driven by plaintiff Gene McDaniel. The defendant Perrotta has filed a motion for summary judgment, accompanied by a memorandum of law, an affidavit and other documentary evidence, on the grounds that there is no genuine issue of material fact remaining upon which Perrotta could be found liable, because Perrotta's vehicle was completely at rest behind McDaniel's vehicle and because the sole cause of the four car accident was the impact caused by Sears' vehicle striking that of Avenoso. The other defendants in this action filed an objection to Perrotta's motion for summary judgment, but did not file any affidavits or other evidence in support of their objection. The plaintiffs have not filed any response to Perrotta's motion. The pleadings are closed.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that the moving party is entitled to judgment as a matter of law. Practice Book 384; see Gurliacci v. Mayer, 218 Conn. 531, 562, 590 A.2d 914
(1991). The party seeking summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978).
The failure to file opposing affidavits is not necessarily fatal. Batick v. Seymour, 186 Conn. 632, 646-47, 443 A.2d 471
(1982); see Barone v. Schuster Express, Inc., 2 CSCR 315
(February 4, 1987, Schaller, J.). If affidavits filed by the moving party do not attempt to contest the truth of all the material allegations of fact contained in the pleadings, the nonmoving party is under no obligation to establish by CT Page 1733 counter-affidavit the truth of the unattacked allegations. Plouffe v. New York, N.H. and H.R. Co., 160 Conn. 482, 490,280 A.2d 359 (1971). Issues of negligence are ordinarily not Building Supplies Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978).
The failure to file opposing affidavits is not necessarily fatal. Batick v. Seymour, 186 Conn. 632, 646-47, 443 A.2d 471
(1982); see Barone v. Schuster Express, Inc., 2 CSCR 315
(February 4, 1987, Schaller, J.). If affidavits filed by the moving party do not attempt to contest the truth of all the material allegations of fact contained in the pleadings, the nonmoving party is under no obligation to establish by counter-affidavit the truth of the unattacked allegations. Plouffe v. New York, N.H. and H.R. Co., 160 Conn. 482, 490,280 A.2d 359 (1971). Issues of negligence are ordinarily not susceptible to summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984); see Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 319 A.2d 403 (1964).
In this case, as pointed out by the other defendants in their objection, defendant Perrotta has failed to establish that there is no genuine issue of material fact in dispute as to the plaintiffs' allegation, in their complaint, that Perrotta was negligent in that he was following the plaintiff Gene McDaniel's vehicle too closely in violation of General Statutes 14-240.
The other defendants argue that "[c]ertainly, a jury could conclude that if this defendant had been stopped an appropriate distance behind the plaintiff's car . . . there might never have been an impact between the plaintiff's car and [Perrotta's] car." While Perrotta's affidavit states that he "had brought . . . [his] vehicle to a complete stand still and was between two stopped vehicles" (Affidavit of Anthony Perrotta, par. 4), the affidavit is silent as to the distance between the vehicles. A copy of a transcript of Perrotta's deposition testimony submitted by Perrotta in support of his motion, reveals that he stated that he was "one to two feet" away from the vehicle in front of him. Whether the defendant Perrotta's vehicle was so close to the plaintiffs' vehicle so as to constitute negligence is a question of fact for the jury.
Because the defendant Perrotta has not demonstrated the absence of any genuine issues of material fact regarding the plaintiffs' claim that he was negligent in that he violated General Statutes 14-240, the motion for summary judgment is denied.
SCHALLER, J. CT Page 1734