[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On November 17, 1989, the plaintiff, Ramon A. Pacheco, administrator of the estate of Mayra Cruz, filed a five count "Substitute Complaint" against the defendants, City of Hartford, Hartford Board of Education, Richard E. Smith, Commander of Youth Services of the Hartford Police Department, Erik Valentine and other unnamed police officers (hereinafter collectively referred to as "defendants"). The plaintiff alleges that Mayra Cruz, a thirteen year old Hispanic girl, left her home to walk to school. The plaintiff alleges that, on information and belief, Mayra Cruz was abducted on her way to school. Her body was found a month later.
In count one, directed against the Hartford Board of Education, the plaintiff alleges that the policy of the Hartford Board of Education denying transportation and protection to all children, mostly minority CT Page 234 children, who lived within certain enumerated walking distances to school, constituted a deprivation of equal protection of the law under the fifth andfourteenth amendments to the United States Constitution and42 U.S.C. § 1983. In count two, directed against the police officers, the plaintiff alleges that the police officers' failure to properly respond to notification by the decedent's family of her disappearance, failure to initiate an investigation of her disappearance until nearly three days after her disappearance, and the grossly negligent manner in which they conducted their investigation, deprived the decedent of life and liberty without due process of law and rights, privileges and immunities guaranteed by the fifth andfourteenth amendments to the United States Constitution and42 U.S.C. § 1983, 1985 and 1986. In count three, also directed against the police officers, the plaintiff alleges that the police officers were negligent in a number of ways, including the failure to properly respond to the disappearance, failure to search for the decedent, and failure to enforce various statutes and regulations pertaining to the protection of individuals and children. In count four, directed to the City of Hartford, the plaintiff alleges that the City of Hartford, acting through its police department, condoned a pattern, custom, practice or policy of affording no protection to children, almost all of them minority children, who had been reported missing, and this practice constitutes a deprivation of the decedent's right to equal protection of the law under the fifth andfourteenth amendments to the United States Constitution
and 42 U.S.C. § 1983. In count five, also directed against the City of Hartford, the plaintiff alleges a claim under General Statutes 7-465.
On January 29, 1990, the defendants filed an answer and five special defenses. In the first special defense the defendants allege that they are immune from liability under the doctrine of governmental immunity in that they were performing discretionary duties. In the second and third special defenses, the defendants claim that the Hartford Board of Education, as an agency of the state, is immune under the doctrine of sovereign immunity and that it is "entitled to legislative immunity as it was acting in a legislative capacity when CT Page 235 it enacted the policies concerning transportation of school children." In the fourth special defense the defendants claim that they were at all times acting in the good faith belief that their actions were lawful and did not violate any constitutional or statutory rights of the decedent. In the fifth special defense, the defendants allege the comparative negligence of the decedent.
On February 7, 1990, the plaintiff replied to the special defenses, thereby closing the pleadings. On September 14, 1990, the defendants filed a motion for summary judgment on the complaint which was denied by order of this court, Hennessey, J., on January 7, 1991.
On July 30, 1992, the defendants filed a second motion for summary judgment as to all counts of the plaintiff's complaint accompanied by a memorandum of law and a number of documentary exhibits consisting of uncertified copies of portions of various policies regarding school transportation and missing persons, and the police report of the decedent's disappearance. The plaintiff filed a memorandum of law in opposition to the defendants' motion dated September 16, 1992.
Summary judgment is appropriate when the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384 see Gurliacci v. Mayer 218 Conn. 531, 562, 590 A.2d 914 (1991). A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Practice Book 380. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). Because the burden of proof is on the movant, the nonmovant is given the benefit of all favorable inferences that can be drawn. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512 516,391 A.2d 157 (1978). CT Page 236
The function of the trial court in summary judgment proceedings is not to decide issues of material fact but rather to determine whether any such issues exist. Nolan v. Borkowski, supra. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986).
The documentary evidence submitted by the defendants does not resolve any disputed issues of material fact. The uncertified copies of portions of the school transportation policy of the Hartford Board of Education and the missing persons policy of the Hartford Police Department would merely tend to show that such policies exist, whereas the plaintiff's complaint hinges upon an alleged discriminatory intent in promulgating the transportation policy and discriminatory practices by the police in failing to adhere to the missing persons policy. The defendants have submitted no evidence regarding these claims by the plaintiff. Summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of intent or motive, and such issues are more properly determined by the trier of fact. See Batick v. Seymour, 186 Conn. 632,646-47, 443 A.2d 471 (1982). With regard to the plaintiff's negligence claims, the evidence submitted by the defendants does not resolve any disputed issues of material fact. The uncertified copies of the portions of the missing persons policy and police report submitted by the defendants merely indicate what the policy was, and reflect what actions officer Valentine reportedly took in response to the initial calls from the decedent's family on the first day the decedent was reported missing. Such evidence does not, as a matter of law, show that the defendants were not negligent in the conduct of their investigation.
Issues of negligence are ordinarily not susceptible to summary adjudication but should be resolved by trial in the ordinary manner. Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); see also Spencer v. Good Earth Restaurant Corp., 164 Conn. 194,319 A.2d 403 (1972). CT Page 237
The defendants' conclusory arguments regarding their governmental immunity from liability, pursuant to General Statutes 52-557n(b)(6) and because the defendants were performing discretionary functions, rely upon their version of the facts which they have not shown to be undisputed. Before any legal determination regarding governmental immunity can be made, the factual underpinnings of such issues as what exactly the defendants' duties were pursuant to the various policies and what the defendants did in response to the circumstances of this case, must be resolved. As stated above, the court in summary judgment proceedings gives the nonmovant the benefit of all favorable inferences and views the evidence in the light most favorable to the nonmovant. See Evans Products Co. v. Clinton Building Supply, Inc., supra; Catz v. Rubenstein, supra. Accordingly, material issues of fact remain in dispute regarding whether the defendants are entitled to governmental immunity.
With respect to the defendants' argument that General Statutes 52-557n(b)(6) precludes liability for the acts or omissions of someone other than employees, officers or agents of the political subdivision, while the decedent's actual death resulted from the act of an unknown person, the alleged acts or omissions for which the plaintiff seeks redress relate to the defendants' alleged discriminatory policies and treatment, and negligence in conducting an investigation. The plaintiff claims that the policies and acts or omissions of the defendants permitted the abduction of the decedent and her ultimate death at the hands of a third person. Thus, the defendants have not established that the provisions of General Statutes 52-557n(b)(6) apply in this case.
It should be noted that the fact that the plaintiff did not file an affidavit or other documentary evidence in opposition to the defendants' motion does not require the court to grant summary judgment in favor of the defendants. Even if the nonmovant does not file affidavits or other documentary evidence, the court may still find that a genuine question of material fact exists. See Catz v. Rubenstein, supra. Further, if CT Page 238 affidavits or evidence filed by the movant do not attempt to contest the truth of all the material allegations of fact contained in the pleadings, the nonmovant is under no obligation to establish by counteraffidavit the truth of the unattacked allegations. Plouffe v. New York, N.H. and H.R. Co.,160 Conn. 482, 489-91, 280 A.2d 359 (1971).
For all the foregoing reasons, the defendants' motion for summary judgment is denied.
Mary R. Hennessey, Judge