[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is a products liability action against the defendant, The Electric Heater Company, which has moved for summary judgment on the grounds of the statute of limitations, 52-577a of the General Statutes. The plaintiff, Dora Pasacreta, objects to summary judgment and asserts that the action is not barred by the statute of limitations because the action falls under the exception to the statutory bar, namely 52-577a(c) of the General Statutes. Generally speaking, there is a bar to a products action where the product has been sold or delivered more than ten years before the injury from the project. But in citing subsection (c), the plaintiff invokes an extension of the statute of limitations where the product still had a useful safe life even though more than ten years has passed from the date of the original sale or delivery of the product. The defendant's motion for summary judgment is denied because the plaintiff has not sustained its burden to show there is no genuine issue of material fact as to whether or not the plaintiff's action falls within the statutory exception.
In this action, the plaintiff claims to have been injured on March 7, 1991 in the shower of her apartment when she was scalded by hot water when the shower control knob of the shower became stuck in the hot position. The defendant was served on October 22, 1992. The electric water heaters were sold by the defendant on CT Page 5164 October 17, 1972 and were delivered on February 8, 1973. As a result, the defendant argues that the heater at issue was delivered more then ten years before the date the plaintiff was injured, and therefore the action is barred by the statute of limitation period in 52-577a(c) of the General Statutes. Subsection (c) of 52-577a
provides:
 (c) The ten-year limitation period provided for in subsection (a) shall not apply to any product liability claim brought by a claimant who is not entitled to compensation under Chapter 568, provided the claimant can prove that the harm occurred during the useful safe life of the product. In determining whether a product's useful safe life has expired, the trier of fact may consider among other factors: (1) The effect on the product of wear and tear or deterioration from natural causes; (2) the effect of climatic and other local conditions in which the product was used; (3) the policy of the use and similar users as to repairs, renewals and replacements; (4) representations, instructions and warnings made by the product seller abut the useful safe life of the product; and (5) any modification or alteration of the product by a user or third party.
By its very language, 52-577a(c) states that the determination of whether a product's useful safe life has expired is a question of fact to be determined by the trier of fact. The defendant presented no affidavit or documentary evidence that the heater's "useful safe life" had expired when the harm occurred.
The defendant claims that because the plaintiff has failed to file a counter affidavit, the court can rely on the facts in the defendant's affidavit and grant summary judgment. However it is for the defendant first to show that there is no genuine issue of material fact. In a products liability case where the product was sold or delivered more than ten years prior to the injury, whether the "useful safe life" of the product had expired prior to the injury is a material fact because it will make a difference in the outcome of the case by being the deciding factor in the determination as to whether the statute of limitations bars the action. "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and [the nonmovant] is given the benefit of all favorable inferences that can be drawn." (Citation omitted.) Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978). CT Page 5165 Relying on and crediting the facts as set forth in the materials submitted in support of the defendant's motion, the court nevertheless concludes that there remains a genuine issue as to whether or not the product's "useful safe life" had expired before the subject injury occurred. See Catz v. Rubenstein, 201 Conn. 39,49 (1986); P.B. 379, 384.
In Catz v. Rubenstein, the defendant claimed entitlement to and the trial court granted summary judgment because the plaintiff did not bring her medical malpractice action within two years of discovering the injury. The Supreme Court reversed the trial court on the basis that injury, for purposes of 52-584 of the statutes, occurs when a party suffers some kind of actionable harm and that the clock did not begin to run, nor did the plaintiff know she suffered actionable harm until she knew that any negligence, of which she learned, was also the proximate cause of her damages. The holding is important precedent where a defendant seeks summary judgment on the basis that an applicable statute of limitations has run. Catz holds that to establish a right to judgment as a matter of law, it is the defendant's burden to show clearly from the defendant's own affidavits and attachments to the motion that the statute in all its requirements and exceptions time bars the plaintiff's action. Where the defendant's affidavits and other supporting documents are not so all embracing, the motion must be denied, even if the plaintiff does not, by counter affidavit, place in issue any or all of those factual assertions which have been made by the defendant. The nature of the remedy of summary judgment makes it the moving party's burden to show quite clearly what the truth is, and to exclude any real doubt as to the existence of any material fact. Dougherty v. Graham, 161 Conn. 248,250 (1971).
The defendant's motion for summary judgment is denied.
Flynn, J.