EVANS PRODUCTS COMPANY *v.* CLINTON BUILDING
SUPPLY, INC., ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued December 13, 1977—decision released April 4, 1978

*Richard I. Sellman,* with whom, on the brief, was
*Gerald R. Lublin,* for the appellants (defendants).

*M. Allan Peck,* with whom, on the brief, was
*William A. Rabinowitz,* for the appellee (plaintiff).

LONGO, J. This is an appeal from summary
judgment in a contract action. The plaintiff, Evans
Products Company, alleged in the first count of its
complaint that the defendant Clinton Building

Supply, Inc., hereinafter Clinton, had purchased items pursuant to an open credit account with the plaintiff and owed a balance of $18,737.36, including interest, and that despite repeated demands Clinton had refused to pay the balance due. The second count repleaded the first count and, in addition, alleged that the defendant First Hartford Realty Corporation, hereinafter Realty, had agreed in writing to guarantee payment of Clinton's indebtedness to the plaintiff in the event of Clinton's nonpayment, and that despite the plaintiff's demands Realty had refused to pay. In their answer the defendants admitted the purchase of supplies, denied that the plaintiff had demanded payment, and pleaded insufficient knowledge or information as to the amount of the debt and the existence of the guaranty agreement.

After the pleadings were closed, the plaintiff moved for summary judgment and submitted three supporting affidavits. The defendants, although granted a continuance, did not file opposing affidavits as required by Practice Book § 299. The trial court heard the parties and granted summary judgment against both defendants, awarding the plaintiff damages of $17,594.55 and costs. The defendants have appealed from the judgment, assigning error in the court's admission into evidence over objections by the defendants of two of the plaintiff's three affidavits.

The defendants do not dispute that the proof offered in the plaintiff's three affidavits was sufficient, if admissible, to entitle the plaintiff to summary judgment. The plaintiff's affidavits indicated that the amount of Clinton's debt was $17,594.55, plus interest, that Realty had guaranteed the debt, and that payment had been demanded from Clinton

and Realty. The existence of the debt having been admitted by the defendants in their answer, no genuine issues of material fact were left. Rather, the defendants contend that two of the plaintiff's affidavits did not conform to Practice Book § 300, and that the plaintiff's remaining proof was insufficient to warrant summary judgment. Since we agree with the latter claim, we find it necessary to consider the former.

Practice Book § 300 provides in part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The defendants urge that the plaintiff's "Affidavit of Debt," set forth in full below,[1] does not conform to these requirements, chiefly for failure to show personal knowledge. The better practice is to aver personal knowledge. See *Dowling* v. *Kielak*, 160 Conn. 14, 18, 273 A.2d 716.

---

[1] "AFFIDAVIT OF DEBT

COMMONWEALTH OF )
    MASSACHUSETTS        )ss. Braintree, Massachusetts
COUNTY OF NORFOLK )

Personally appeared, ZALMON WALLACK, Assistant Secretary of Evans Products Company, who made oath that the amount of $17,594.55 due and owing to the plaintiff in the above-entitled action is, in all respects, correct, just and true, and that no payments have been made thereon and that there are no offsets or counterclaims thereto.

                    PLAINTIFF, EVANS PRODUCTS COMPANY
                    By Zalmon Wallack,
                        Assistant Secretary
                        duly authorized
Sworn to before me, this 20 day of January, 1977.
                        Bernard O. Meserve
                        Notary Public
Filed February 9, 1977"

The question presented here is whether the lack of such an averment necessarily disqualifies the affidavit. The affidavit states positively, and therefore is distinguishable from affidavits held inadmissible for being made on "information and belief" or the equivalent. See *Automatic Radio Mfg. Co.* v. *Hazeltine Research, Inc.,* 339 U.S. 827, 831, 70 S. Ct. 894, 94 L. Ed. 1312; *Applegate* v. *Top Associates, Inc.,* 425 F.2d 92, 96–97 (2d Cir.); *Young* v. *Atlantic Mutual Ins. Co.,* 38 F.R.D. 416, 418 (E.D. Pa.). The affidavit on its face does not contain obviously inadmissible hearsay. See *Alger* v. *United States,* 252 F.2d 519, 521 (5th Cir.); *Midland Engineering Co.* v. *John A. Hall Construction Co.,* 398 F. Sup. 981, 989 (N.D. Ind.); *McColl* v. *Pataky,* 160 Conn. 457, 460, 280 A.2d 146.

On the other hand, there is no affirmative showing of personal knowledge in the affidavit, such as a statement that the affiant is familiar with the Clinton account, or even that he is familiar with or controls the plaintiff's business records. While there is some authority for the proposition that a corporate officer presumptively has personal knowledge of the matters stated in an affidavit made on behalf of the corporation; *United Bonding Ins. Co.* v. *Dura-Stress, Inc.,* 243 So. 2d 244, 246 (Fla. App.); annot., 3 A.L.R. 132; 3 Am. Jur. 2d, Affidavits, § 5; 2A C.J.S., Affidavits, § 50; in our view the better rule is that followed by the federal courts: in summary judgment proceedings, affidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein. See, e.g., *Antonio* v. *Barnes,* 464 F.2d 584, 585 (4th Cir.) (affidavits of assistant prison superintendents held inadmissible because they did not indicate personal knowledge of prison-

er's circumstances); *Cole* v. *Ross Coal Co.,* 150 F. Sup. 808, 810 (S.D. W.Va.) (affidavit from chief engineer for real estate trust admitted because it averred personal knowledge of the facts); *Monroe* v. *Board of Education of Town of Wolcott,* 65 F.R.D. 641, 648 (D. Conn.) (school superintendent's affidavit held inadmissible for no showing of personal knowledge of circumstances attending student's expulsion, but similar affidavit from principal admitted because of principal's judicially noticed responsibility for day-to-day school operations); *Arkansas-Best Freight System, Inc.* v. *Youngblood,* 61 F.R.D. 565, 569 (W.D. Ark.) (corporate officer's affidavit admitted because it showed familiarity with auditors' reports); *Land Title Co. of Alabama* v. *State ex rel. Porter,* 292 Ala. 691, 702, 299 So. 2d 289 (concurring opinion of Heflin, C.J.) (corporate officer's affidavit criticized for reciting details of loan transactions without indicating that the statements were made on personal knowledge); 10 Wright & Miller, Federal Practice and Procedure § 2738, p. 685.

It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 380, 260 A.2d 596. We conclude the court erred in admitting the affidavit of Zalmon Wallack into evidence.

Whether that ruling was harmful depends on the outcome of the defendants' attack on the plaintiff's third affidavit, which also purported to prove the

amount of the debt. This affidavit of the plaintiff's counsel included a copy of a letter to him from the defendants' counsel, dated December 28, 1976, about four months after the filing of the plaintiff's complaint. The critical portion of the letter was the statement: "As to the Clinton Building Supply, our invoices show the requisitions submitted by Clinton amount to $17,594.55. No payment has been made and the entire amount is due and owing and my client is willing to pay it at this time. Your figure of $18,737.36 probably once again includes interest. Please verify these with your client and get back to me." The defendants contend that the letter was inadmissible as an offer of settlement, while the plaintiff characterizes the letter as a factual admission by an attorney admissible in evidence against his clients.

The general rule is that relevant and material admissions of fact by an attorney are admissible against the client, if made incidental to the attorney's general authority to represent the client in connection with and for the purpose of controlling the matter committed to the attorney. *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 243, 386 A.2d 217; *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 496, 234 A.2d 825; *Lickteig* v. *Buckholz,* 129 Conn. 399, 402, 28 A.2d 871; 7 Am. Jur. 2d, Attorneys, § 122. It was also established as long ago as 1822, in *Hartford Bridge Co.* v. *Granger,* 4 Conn. 142, 148, that an offer to compromise or settle a disputed claim is not admissible against the offeror. The test is whether the party making the admission intended to concede a fact hypothetically for the purpose of effecting a compromise, or to declare a fact really to exist. *Hall* v. *Sera,* 112 Conn. 291, 298, 152 A. 148; *Riccio* v. *Montano,*

93 Conn. 289, 293, 105 A. 625; *Hartford Bridge Co.* v. *Granger,* supra, 148; see annot., 15 A.L.R.3d 13. The statement in question clearly was intended as an outright acknowledgement of an overdue debt of $17,594.55, not as a hypothetical concession. The defendants do not attempt to deny their attorney's authority to make the statement. Whatever may be the merit of the policy arguments favoring extension of the exclusionary rule to all statements made in compromise negotiations; see McCormick, Evidence (2d Ed.) § 724, pp. 663–64; they scarcely apply where, as here, there is little if any indication that an attorney's letter was written to effect a compromise rather than to verify an account. Cf. *Moving Picture Machine Operators Union* v. *Glasgow Theaters, Inc.,* 6 Cal. App. 3d 395, 404–405, 86 Cal. Rptr. 33.

The court properly admitted the letter into evidence. The letter, together with the plaintiff's unchallenged affidavit and the admitted allegations of the complaint, eliminated any genuine issue as to any material fact in the complaint. No harm was done by the court's admission into evidence of the affidavit of Zalmon Wallack. Since the pleadings and competent affidavits established the plaintiff's right to summary judgment under Practice Book § 303, we need not consider the defendants' attack on the court's conclusion that the plaintiff was entitled to summary judgment as a matter of law because of the defendants' failure to submit opposing affidavits.

There is no error.

In this opinion the other judges concurred.