[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#123.00)
This is defendant's motion for summary judgment on two counts of plaintiff's complaint.
The plaintiff is Christopher Sambuco, Administrator of the estate of Jared Sambuco. The defendant is the Aetna Casualty and Surety Company. The alleged facts are as follows.
The case arose as a result of an accident in which Jared, who was riding a bicycle, was struck and killed by an underinsured motorist. The plaintiff carried an insurance policy with the defendant which provided uninsured/underinsured motorist coverage. The policy provides for arbitration in the event of disputes.
The complaint was brought in four counts. The plaintiff has alleged in count one that defendant Aetna has refused to pay uninsured motorist benefits, has refused to arbitrate the claim, and refused to conduct a reasonable investigation.
The plaintiff alleges in count two that Aetna has engaged in unfair claim settlement practices in violation of Conn. Gen. CT Page 3840 Stat. 38-61(6)(a) and (d), the CUIPA statute in that it; (1) refused to pay; (2) refused to conduct an investigation; (3) failed to attempt good faith settlement.
The plaintiff alleges an unfair and deceptive trade practice in violation of Conn. Gen. Stat. 42-110b, Connecticut Unfair Trade Practices Act (CUTPA), in count three, and in count four a breach of the implied covenant of good faith and fair dealing.
Aetna moved for summary judgment as a matter of law on counts two and three, CUIPA and CUTPA, on the grounds that (1) CUIPA does not provide for a private cause of action and (2) plaintiff's claims are based on a single isolated act and therefore do not constitute a violation of CUIPA or CUTPA.
The pleadings are closed as Aetna has filed its answer. Both parties have filed memoranda.
Summary judgment may be granted only in actions in which the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Conn. Practice Bk. 384 (1990). Nolan v. Borkowski, 206 Conn. 495,500 (1988). A moving party is entitled to judgment as a matter of law if the court would grant a directed verdict on the same evidence. Id. "[T]he burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn. (citation omitted)." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978).
The pertinent part of the Connecticut Unfair Insurance Practice Act (CUIPA) is found at Conn. Gen. Stat. 38-61(6), Unfair claim settlement practices.
 (6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following: (a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue; (b) failing to acknowledge and act with reasonable promptness upon communications with respect to claims arising under insurance policies, (c) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance Policies; (d) refusing to pay claims without conducting a reasonable investigation based upon all available information; (e) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have CT Page 3841 been completed; (f) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability as become reasonably clear.
Id.
Conn. Gen. Stat. 42-110b is the Connecticut Unfair Trade Practices Act. (CUTPA).
 Sec. 42-110b. Unfair trade practices prohibited. Legislative intent. (a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.
 (b) It is the intent of the legislature that in construing subsection (a) of this section, the commissioner and the courts of this state shall be guided by interpretations given by the Federal Trade Commission and the federal courts to Section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. § 45
(a)(1)), as from time to time amended.
 (c) The commissioner may, in accordance with chapter 54, establish by regulation acts, practices or methods which shall be deemed to be unfair or deceptive in violation of subsection (a) of this section. Such regulations shall not be inconsistent with the rules, regulations and decisions of the federal trade commission and the federal courts in interpreting the provisions of the Federal Trade Commission Act.
 (d) It is the intention of the legislation that this chapter be remedial and be so construed.
Id.
CUTPA covers deceptive Practices in the insurance industry. Mead v. Burns, 199 Conn. 651, 663 (1986). "[I]t is possible to state a cause of action under CUTPA for a violation of CUIPA." Id.
In Mead, the plaintiff alleged a single act of failure to conduct a reasonable investigation. The Mead court found that alleging a single failure to conduct a reasonable investigation of an insurance claim as not sufficient to avoid a motion to strike. Mead at 660-61.
In the instant case, the plaintiff has alleged in count CT Page 3842 two, para. 20 that Aetna:
(1) failed to conduct a reasonable investigation;
 (2) has not attempted a good faith settlement attempt when liability has become reasonably clear;
and in para. 21,
 (3) failed reasonably or timely to adjust the plaintiff's loss.
The court finds that the plaintiff has alleged more than a single act, rising to the level of a "general business practice" as required by Conn. Gen. Stat. 38-61.(6), thus, the court denies the defendant's motion for summary judgment on that ground. See Lake Hills Village v. Prudential-LMI Commercial Insurance Co., 1 Conn. L. Reptr. 617 (1990) (where defendant allegedly unfairly denied the claims of 41 condominium owners without proper investigation, more than a single isolated incident occurred, and allegation supported a cause of action under CUIPA and CUTPA).
The defendant has argued that the court should grant summary judgment on count two (CUIPA) because there is no private right of action under CUIPA because CUIPA is a regulatory statute. The Connecticut Supreme Court has expressly declined to rule on the question of whether a individual may maintain a private cause of action for damages under CUIPA alone. Mead at 657, n. 5. However, lower courts have recognized a private right of action under CUIPA itself. Von Roenn v. Covenant Group, 7 Conn. Law Trib. No. 6, p. 17 (Superior Ct. February 9, 1981) (a private use of action in tort for an insurer's failure to deal fairly and in good faith with an insured in settling a claim could be implied under Conn. Gen. Stat. 38-61(6)). Additionally, the court in Cecere v. EBL Indemnity Co., 2 Conn. L. Reptr. 410 (October 22, 1990, Hammer, J.) stated that:
 It is not established that Connecticut courts have construed CUIPA to imply a private cause of action for monetary damages against an insurer for alleged unfair trade practices. (citations omitted).
Accordingly, summary judgment cannot be granted on this ground.
KARAZIN, JUDGE