[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff, K. J. Parsons, Ltd. commenced this action on February 1, 1990, against the defendants Christopher and Rena Brimelow to foreclose a mechanic's lien in the amount of $27,028.00 on property owned by the defendants. The defendant Hobart Thomas Co., Inc. claims an interest in the same premises by virtue of a mechanic's lien in the amount of $7,095.00.
On December 1, 1988, the plaintiff entered into a written contract with the defendant Brimelows for the construction of a home on property owned by the defendants. The defendant Hobart Thomas Co., Inc. is a sub-contractor of the plaintiff general contractor. On September 21, 1990, the defendant Hobart Thomas Co., Inc., filed an answer to the complaint, a cross claim against the defendant Brimelows, and a counterclaim against the plaintiff.
On November 14, 1990, the plaintiff filed an answer to the counterclaim of defendant Hobart Thomas Co., Inc. On January 31, 1991, the defendant CT Page 4391 Brimelows filed an answer to the cross claim of the defendant Hobart Thomas Co., and two special defenses. On February 27, 1991, the defendant Hobart Thomas Co., Inc. filed a reply to the special defenses.
On February 27, 1991, the defendant Hobart Thomas Co., Inc., filed a motion for summary judgment on its counterclaim against the plaintiff and on its cross claim against the defendant Brimelows, a supporting memorandum of law, an affidavit and various exhibits in support of the motion.
On March 18, 1991, the defendant Brimelows filed a memorandum of law in opposition to the motion for summary judgment. The defendant Brimelows also filed, on March 18, 1991, an answer to the plaintiff's February 1, 1990 complaint and a counterclaim.
The plaintiff has not filed anything in opposition to the defendant Hobart Thomas Co., Inc., motion for summary judgment on its cross claim.
"Summary judgment shall be rendered if the pleadings, affidavits, and other proof submitted shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. 384. The test for granting summary judgment is whether a party would be entitled to a directed verdict on the same facts. State v. Goggin, 208 Conn. 606, 616 (1988). "The rules of practice in Connecticut require that all pleadings be closed before a party may move for summary judgment." Orticelli v. Powers, 197 Conn. 9, 15 (1985). The failure of the opposing party to file documentary evidence is not a bar from attacking the sufficiency of the moving party's affidavits. Evans Products Co. v. Clinton Building Supply Inc., 174 Conn. 512 (1978).
The defendant Hobart Thomas Co., Inc.'s motion for summary judgment on its counterclaim against the plaintiff and on its cross claim against the defendant Brimelows is premature because the pleadings are not closed in this case. Specifically, there is no answer to the defendant Brimelows counterclaim which was filed on March 18, 1991. This counterclaim alleges inter alia, that the plaintiff was obligated to "furnish all of the materials for the construction of the residential dwelling and to perform all work in connection therewith." Counterclaim paragraph 2(a). An answer to the counterclaim is necessary to determine whether any genuine issue of material fact exists with regard to which party agreed to compensate Hobart Thomas Co., Inc. for its services. Accordingly, the defendant Hobart Thomas Co., Inc.'s motion for summary judgment on its counterclaim and on its cross claim is denied.
SUSCO, J.