[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves the United States Navy's A-12 stealth fighter, proposed successor to the A-6 Intruder. The plaintiff, Norden Systems, Inc. (Norden), was the radar system subcontractor, and the defendant, General Dynamics Corporation (General Dynamics), along with McDonnell Douglas Corporation, had the prime contract with the United States government.
The radar subcontract dated January 30, 1988 provided that Norden would design and develop the radar system for this new plane, and would deliver six functioning, pre-production systems to General Dynamics. The well-publicized cancellation of the A-12 program by Secretary Cheney of the Department of Defense in January 1991 was preceded by General Dynamics' termination in April 1989 of its subcontract with Norden.[1] The plaintiff has sued General Dynamics claiming a loss of approximately $114,400,750. Additional background on this case is contained in a memorandum of decision by Judge Cioffi dated October 16, 1990, denying General Dynamics' motion to strike certain counts of the complaint.
Norden has moved (#179) for summary judgment on the sixth count of its revised complaint which alleges in essence that the plaintiff is entitled to a judicial determination of the validity of General Dynamics' default termination, and damages if the default is held to be invalid.
General Dynamics claims that its subcontract with Norden contained certain time schedules for the completion of various phases for both hardware and software CT Page 6621 development; that Norden failed to comply with this schedule; and that cancellation of its contract with Norden was therefore justified and was based on fault on the part of the plaintiff.
Norden, on the other hand, argues that there was no contractually effective or enforceable schedule on which General Dynamics could base its claim that Norden was failing to comply with such a schedule and against which the plaintiff's progress could be measured. Norden's position is that a contractually effective schedule must be in existence before a termination can be based on failure to make progress, as General Dynamics claimed in its April 14, 1989 default termination notice to the plaintiff.
The propriety of granting a summary judgment, Practice Book S 384, has been discussed by our appellate courts on many occasions. Such a motion may be granted only when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Rawling v. New Haven, 206 Conn. 100, 104,537 A.2d 439 (1988). A "material fact" is one which will make a difference in the result of the case. Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978)[2] This court's task, then, is not to decide the respective merits of the claims of the parties, but rather is limited to determining whether or not there are any unresolved issues of material fact.
The plaintiff did not submit any affidavits in support of its motion for summary judgment, choosing to rely on its claim that General Dynamics was obliged to prove that its termination of the subcontract was based on a default in performance by Norden, and that the defendant could not sustain this burden. In this regard Norden claims; (i) that General Dynamics made judicial admissions that its default termination was not lawful;[3] (ii) that Norden's delay was a direct result of the defendant's own delays at the start of the program; (iii) that General Dynamics' preliminary document prepared at the time it was seeking proposals was not intended to be a contractually effective schedule; and (iv) that Norden-generated master program schedules were followed by Norden as required by the letter contract with formal approval or disapproval required by the defendant, which was never forthcoming. CT Page 6622
General Dynamics submitted a number of affidavits in support of its objection to summary judgment, including one by a Victor Hajek, a technical buyer for the A-12 program for General Dynamics, indicating that pursuant to the underlying contract (document 208/004217-87) Norden was obliged to deliver six radar systems in July and September 1989 and in February, March, April and September 1990, and that this agreement by Norden was the essence of the radar subcontract.
General Dynamics' lead radar engineer for the A-12 program, E.C. Oertel, executed an affidavit to the effect. that Norden was required to schedule in logical sequence all the tasks necessary to complete the radar system in accordance with a master program. He also stated that Norden was late in performing this contract, and specifically that in the first fourteen months of the A-12 program, almost no progress was made by the plaintiff in fulfilling the radar subcontract.
An affidavit by Barry K. Featherstone, the A-12 material department data manager for General Dynamics, indicates that Norden was contractually required to submit detailed schedules for subtasks necessary to complete the radar system development in accordance with the subcontract delivery schedule.
Robert S. Franek, the defendant's technical buyer on the A-12 program, indicates that there were four formal changes to the contract, and that Norden was required to establish a revised schedule adjustment proposal but never did so. Affiants E.N. Hair, software quality engineer, Michele Nimerick, radar software engineer, and Ralph E. Welton, chief of procurement for General Dynamics, all state that the various quotations by the plaintiff from memoranda written by these affiants do not indicate or admit that Norden was not obliged to perform in accordance with the delivery schedule in the radar subcontract as the plaintiff asserts.
Affidavits from Greg Zirbas reliability engineer, D.G. Law, resident engineer, and Leigh C. Cariker, engineering chief for attack radar systems, indicate concern that Norden had failed to make sufficient progress, and that certain work the plaintiff had performed was plagued by insufficient systems engineering for the A-12's software development.
In the light of the criteria for granting summary judgment, I have concluded that the plaintiff's motion for CT Page 6623 judgment on the sixth count of its complaint should be denied. The documents submitted in connection with this motion make it quite evident that there are two major unresolved factual issues. The first is whether or not a binding delivery schedule actually existed. A second issue is whether, if such a schedule did exist, it was waived by General Dynamics by, for example, urging Norden to continue work after the delivery schedule had already been breached.
Additionally, Norden insists that the delivery schedule contained in the subcontract was preliminary only and was not intended to be the operative schedule between the parties. General Dynamics asserts that there was an express understanding of the necessity of complying with the subcontract delivery schedule which was not negated by the parties' plan to formulate a more definitive schedule in the future. This is another indication that the issues of the existence of a delivery schedule, and of whether or not it was waived by the defendant, are questions involving the intention of the parties. This type of issue may not be determined by summary judgment, but rather is a question for the trier of fact. ". . . [t]he determination of what the parties intended to encompass in their contractual commitment is a question of the intention of the parties, and an inference of fact . . . This process of inference is peculiarly a jury function, the raison d'etre of the jury system." Coelho v. Posi-seal International, Inc., 208 Conn. 106,113, 544 A.2d 170 (1988).
For the above reasons plaintiff's motion for summary judgment as to the sixth count of its complaint is denied.
So Ordered.
Dated at Stamford, Connecticut this 12th day of July, 1991.
WILLIAM B. LEWIS, Judge