[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 9, 1991, the plaintiff, Special Air Systems, filed a three count complaint against the defendant, Allied Rawal, Inc. ("Allied"), and Hilton Mechanical Contractors ("Hilton"). The first count of the complaint alleges that the plaintiff contracted with the defendant Allied for the sale of four exhaust fans and that, pursuant to said contract, the plaintiff delivered the fans to Allied. The plaintiff further alleges that Allied promised to pay $11,800.00 for the fans but no payments have to date been received from Allied.
In the second count of the complaint, the plaintiff allege that the defendant Allied Rawal has been unjustly enriched by its failure to pay for the fans. In the third count, the plaintiff alleges that the defendant Hilton employed Allied to Hilton for Hilton's use in the construction project. The plaintiff further alleges that Hilton has failed to make any payments to Allied or the plaintiff for its use of the fans, and therefore, Hilton is liable to the plaintiff for unjust enrichment.
On January 21, 1992, the defendant Hilton filed an answer and special defense to the plaintiff's complaint. The special defense states that Hilton paid Allied for its use of the fans, and therefore, Hilton has not been unjustly enriched. The plaintiff filed its reply to the defendant Hilton's special defense on February 6, 1992.
On July 10, 1992, the plaintiff filed a motion for summary judgment against Hilton on the third count of the complaint. The defendant Hilton filed a cross-motion for summary judgment against the plaintiff on June 12, 1992. The plaintiff filed its memorandum in opposition to Hilton's motion on June 26, 1992, and Hilton filed an opposing memorandum of the plaintiff's motion on the same date. The pleadings are closed between the plaintiff and Hilton, and summary judgment may properly be rendered on the third count of the complaint.
In deciding a motion for summary judgment, the "court must construe the evidence in the light most favorable to the CT Page 8277 nonmoving party," and the party seeking summary judgment must demonstrate "the nonexistence of any material fact." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772. 781,595 A.2d 334 (1991). A material fact is one that would make a difference in the outcome of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990). Thus, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781.
The third count of the plaintiff's complaint alleges that the defendant Hilton received fans sold by the plaintiff to Allied, and that the plaintiff has not received payment for the value of these fans from either one of the defendants. The plaintiff thus claims a right to damages from Hilton on the theory that Hilton has been unjustly enriched at the plaintiff's expense. The plaintiff contends in its motion for summary judgment that there is no question of material fact as to Hilton's liability.
Hilton opposes the plaintiff's motion for summary judgment contending that its special defense raises an issue of material fact with regard to Hilton's liability. Hilton alleges in its special defense that it paid Allied for the value of the fans and, therefore, Hilton has not been unjustly enriched. In its cross-motion for summary judgment, Hilton contends that the affidavit of Robert K. Hilton establishes that Hilton did in fact pay for its use of the fans, and therefore, it is entitled to summary judgment on the third count of the plaintiff's complaint.
A comparison of the parties' motions and evidence attached thereto demonstrates that neither party has met its burden of demonstrating the nonexistence of all material facts governing this dispute. The plaintiff relies upon the affidavit of Charles Smith, the plaintiff's principal, to support its allegations that the plaintiff delivered fans to Allied for use by Hilton in a construction project and no payments have been received from Allied or Hilton for the value of the fans. This affidavit is insufficient since it fails to provide any basis upon which the court may conclude that the affiant has personal knowledge of the facts involved in this dispute. See Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 515, 391 A.2d 157
(1978) ("affidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein.")
The plaintiff's affidavit does not provide any evidence establishing the failure of the defendants to pay for the fans. CT Page 8278 Rather, the affiant merely restates the factual assertions expressed in the plaintiff's complaint. Hilton has disputed the plaintiff's lack of payment allegation by raising a special defense which asserts that Hilton paid Allied for the fans. Hilton has also filed the affidavit of Robert K. Hilton, president of Hilton, attesting that pursuant to a "partial waive of mechanic's lien," Allied's president acknowledged receipt of payment for "all material and labor supplied [to Hilton by Allied] up to March 31, 1990."
Insofar as the defendants provides an affidavit disputing the allegation that Hilton never paid for the fans and has therefore been unjustly enriched, the plaintiff has failed to establish the nonexistence of all material facts to this dispute and therefore, the plaintiff's motion is denied. See Connecticut Bank Trust Co. v. Carriage Lane Associates, supra, 781 ("court must construe the evidence in a light most favorable to the nonmoving party").
In a similar fashion, the defendant Hilton has failed to meet its burden of establishing the material fact of payment by Hilton to Allied. Although Hilton provides an affidavit attesting to the existence of a "partial waiver" and asserts that such waiver includes an acknowledgment by Allied that Hilton paid for the fans, a material question remains as to the intended scope of the partial waiver and whether it was intended to cover all labor and material used by Hilton, or whether it was intended to include merely certain aspects of the construction project. Therefore, insofar as Hilton's motion depends upon the partial waiver as evidence of payment, the motion fails to establish clearly what the truth is with regard to the disputed transaction between the parties. As material questions of fact exist with regard to the issue of whether Hilton did or did not pay for the fans, the defendant Hilton's motion for summary judgment is denied.
Both motions are denied on the ground that a material issue of fact exists concerning whether the defendant Hilton paid for the fans sold by the plaintiff to the defendant Allied.
Howard F. Zoarski, Judge