[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present case involves a claim on behalf of the plaintiffs for contributions from former partners for advances made over and above their proportionate partnership requirements. Judgments have been entered against various defendants and the present proceeding involves a claim of a prejudgment remedy sought to be imposed upon property of Diana C. Taormina which the plaintiffs allege constituted a fraudulent conveyance as a result of a transfer to her by her husband Paul K. Taormina. The defendants Taormina claim that facts do not justify the imposition of a prejudgment remedy on the fraudulent conveyance Count.
The dispute between the plaintiffs and Paul Taormina was resolved in favor of the plaintiffs as a result of an arbitration proceeding which was subsequently confirmed by the court. Mr. and CT Page 6654 Mrs. Taormina were represented by the same attorney throughout the relevant proceedings. The submission to the a arbitrators dated March 18, 1993, was signed by the attorney for the plaintiffs and the attorney for Mr. Taormina contains the statement:
 "5. Pursuant to the defendant's concession, the real estate described in schedule 1 of the complaint (i.e. property conveyed from Mr. Taormina to Mrs. Taormina) is subject to being liened to secure any award made to the plaintiffs.
Based upon the submission, the arbitrators entered an award stating that the plaintiffs are entitled "to recover from Taormina the sum of $98,463.60 plus $37,993.83, plus 11% of all interest paid or accruing on $489,000 of the $500,000 note to Derby Savings Bank."
During the period prior to the arbitration, correspondence was exchanged between the attorneys of the respective parties. The attorney representing Mr. and Mrs. Taormina wrote to the plaintiffs' attorney on February 11, 1993 stating, in part:
 "There is no need to even proceed on the fraudulent conveyance count. If it is found that Mr. Taormina owes the plaintiff any money, then he intends to pay that sum. So, we are willing to concede that the transfer was `fraudulent' as to the amount subsequently determined to be due by my client to his partners by way of contribution."
While the defendants may have been unhappy with such statements, the statements were never withdrawn or modified. The general rule is that relevant and material admissions of fact by an attorney are admissible against the client, if made incidental to the attorney's general authority to represent the client in connection with and for the purpose of controlling the matter committed to the attorney." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 417 (1978). The language of the submission and the statements of the attorney are sufficient to establish an agreement between the parties which is at least sufficient to establish a right to a prejudgment remedy. See, Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 812 (1993).
Accordingly, the court finds that there is probable cause for the requested prejudgment remedy and it is hereby ordered the CT Page 6655 application of the plaintiffs for a prejudgment attachment of the property of Diana C. Taormina is granted to secure the sum of One Hundred and Fifty Thousand Dollars ($150,000);
RUSH, J.