[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James Tatroe, has commenced this action against the defendant Public Service Mutual Insurance Company for recovery of underinsured motorist benefits. The plaintiff alleges that he was injured when his vehicle was struck by an underinsured motorist. The plaintiff also alleges that a settlement was reached with the underinsured's carrier exhausting the underinsured motorist's liability coverage.
The plaintiff has an automobile insurance policy issued by the defendant for the plaintiff's two motor vehicles. The plaintiff's insurance policy with the defendant provides for $100,000.00 of underinsured/uninsured motorist coverage per vehicle. The plaintiff alleges that the defendant has failed to compensate the plaintiff fairly and adequately under the terms of the uninsured/underinsured motorist coverage contained in the policy. Specifically, the plaintiff claims that he is entitled to aggregate the underinsured motorist coverage per vehicle under the policy because he claims separate additional premiums have been paid for coverage on the two vehicles.
The defendant asserted by way of special defense that the specific language of the policy precludes stacking coverage. The defendant has moved for summary judgment on the complaint, arguing that no material question of fact exists with respect to the plaintiff's right to stack the underinsured/uninsured motorist coverage, because the evidence indicates that the plaintiff had no reasonable expectations of the right to stack CT Page 10695 coverage under the policy.
The standard for the trial court on deciding a motion for summary judgment is as follows:
 Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law" . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.
(Citations omitted; internal quotation marks omitted.) Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994).
The issue presented by this motion is whether the facts and circumstances of the case permit the plaintiff to stack the underinsured/uninsured motorist coverage. The defendant has submitted in addition to his memorandum in support of summary judgment the affidavit of Fatima Doyton, the insurance agent who obtained the insurance policy for the plaintiff. In the affidavit, Ms. Doyton avers that "no discussions transpired between the plaintiff and [herself] concerning the plaintiff's desire expectation or intent to stack the underinsured motorist coverage in the amount of $100,000 for each of the two vehicles." The defendant also notes that the policy contained express provisions prohibiting stacking. The defendant argues, therefore, that there is no genuine issue of material fact with respect to the plaintiff's reasonable expectation of stacking, based on the express prohibition of stacking contained in the language of the policy, and the affidavit of Ms. Doyton. CT Page 10696
The Connecticut Supreme Court has,
 found stacking to be available when the insured has paid separate premiums for the underinsured motorist coverage afforded to each vehicle. . . . The reason for this common sense notion is that such a result falls within the reasonable expectations of the parties to the insurance contract . . . because an insured who pay[s] a double premium can reasonably expect double coverage. . . . We have noted that this is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles.
(Citations omitted; internal quotation marks omitted.) Kent v.Middlesex Mutual Assurance Co., 226 Conn. 427, 432, 433627 A.2d 1319 (1993). In addition, the supreme court has held that,
 underinsured motorist coverage can be stacked despite language in the relevant insurance policy that purports explicitly to prohibit stacking of such coverage in the event that two automobiles are insured under the same policy. . . . In all of our cases upholding the right of the insured to stack underinsured motorist coverage, however, the policy holder had paid a separate, additional premium for the additional coverage. In that circumstance, the insured was entitled to aggregate coverage because the parties reasonably expected such additional coverage.
(Citations omitted; internal quotations marks omitted.) Id., 436-37.
The plaintiff in the present case has attached to his memorandum of law in opposition of motion for summary judgment a copy of the renewal agreement for the policy at issue. The renewal agreement indicates that the plaintiff was charged separate, additional premiums for uninsured/underinsured coverage for each auto covered under the policy. Therefore, the plaintiff argues that a genuine issue of material fact exists regarding the plaintiff's reasonable expectation with respect to stacking. CT Page 10697
The defendant has failed to demonstrate that no genuine issue of material fact exists with respect to the plaintiff's reasonable expectations of stacking. The express language of the policy is not dispositive as to the plaintiff's reasonable expectations of the ability to stack coverage. Kent v.Middlesex Mutual Assurance Co., supra, 226 Conn. 436-37.
In addition, the affidavit of the insurance agent, Ms. Doyton, submitted in support of summary judgment indicates only that the affiant did not discuss with the plaintiff the ability to stack coverage under the policy; the affiant does not to profess any actual knowledge of the plaintiff's expectations with respect to stacking. Practice Book § 381 "provides that `[s]upporting and opposing affidavits shall be made on personal knowledge, [and] shall set forth facts as would be admissible in evidence. . . ." Sheridan v. Board of Education, 20 Conn. App. 231,240, 565 A.2d 882 (1989). In addition, "[i]t is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products v.Clinton Building Supply, 174 Conn. 512, 516, 391 A.2d 157
(1978). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion"; State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988); "and [the nonmoving party] is given the benefit of all favorable inferences that can be drawn." Evans Products v. Clinton Building Supply, supra,174 Conn. 516. Therefore, the affidavit does not provide a basis to determine whether the plaintiff's expectation of stacking under the policy was reasonable or not.
Accordingly, the court finds that a genuine issue of material fact exist with respect to the reasonable expectations of the plaintiff. Therefore, the defendant's motion for summary judgment is denied.
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN