[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Robert Tate d.b.a. Retirement Security has moved for summary judgment claiming the plaintiff's allegations of defamation arising out of statements that the plaintiff embezzled and misappropriated funds from Taft were either privileged or truthful. Taft further claims there is no factual material issue in dispute.
The plaintiff, on the other hand, argues the issues are reasonably in dispute including the issue of truth and the issue of whether or not there is immunity.
The Court agrees that there are disputed issues of fact that summary judgment is not appropriate in this case.
As a general rule litigants have a constitutional right to have issues of fact decided by a jury. Spencer v. Good EarthRestaurant, 164 Conn. 194, 196 (1972). The movant is held to a stringent standard before that right to a trial be taken away.Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516 (1978).
 Truth
In his affidavit, Tate alleges the plaintiff (Heldmann) asked him for a $10,000 raise. He states he told her he only approved a 10% raise and that Heldmann, who apparently had the authority to calculate the amount included her annual bonus with her base pay and took 10% of that total amount — a difference of approximately $2800. When Tate ultimately learned of the methodology used by Heldmann he confronted her. She refused his request that she resign and was then fired. She told Tate at the time she thought that was the correct way to calculate her raise. At a later deposition she stated she had calculated incorrectly, but denied it was a deliberate attempt to defraud Tate. CT Page 6727
Heldmann alleges that Tate then filed a report (U-5 report) with the National Association of Security Dealers, Inc., (NASD) accusing Heldmann of "intentionally and calculatedly misappropriated funds which were under her control." This is tantamount to an accusation of theft Miles v. Perry,11 Conn. App. 584 (1987).
Whether Heldmann stole, embezzled, misappropriated or mistakenly calculated the amount of her raise is a question of material fact in dispute and Tate cannot get summary judgment relief for that reason.
 Privilege
Tate argues that he was required by securities regulations (Retirement Security is in the business of financial planning) to report the firing of Heldmann to Advantage Capital Corp., the broker dealer for both parties. Advantage Capital Corp. is also a defendant in this action. Tate alleges the U-5 form is mandated to be completed when a registered agent is terminated. He argues that statements made in the report are privileged either absolutely or qualifiedly, and under either privilege he is entitled to summary judgment.
There is a split of authority as to whether statements made in a U-5 form are absolute or qualified. There are apparently no Connecticut cases directly on point. The New York Supreme Court, Appellate Division, has held that "U-5" statements are entitled to an absolute privilege on the grounds that the form is a component of the New York Stock Exchange's administrative review procedures, and that review procedure is a "quasi-judicial" proceeding. Culver v. Merill Lynch Co., Inc., 1995 WL 422203;Herzfeld Stern, Inc., v. Beck, 175 App.Div.2d 689, 572 N.Y.S.2d 683
(1991).
However, other jurisdictions have held that the U-5 form is not sufficiently related to a quasi-judicial process so as to justify absolute immunity. Bavarati v. Josephtal, Lyon Ross,Inc., 28 F. 3rd 704, [28 F.3d 704], 708-709 (7th Cir. 1994); Glennon v. Dean Witter Reynolds, Inc., 83 F. 3rd 132, [83 F.3d 132], (6th Cir. 1996). The Glennon
court held that to do so would give license to those with ill will and malice . . . to harass them unmercifully . . . by . . . addressing their vituperative comments to . . . investigatory authorities." CT Page 6728
In Connecticut the law is that the class of absolutely privileged communications is narrow, practically limited to legislative and judicial proceedings and acts of state that are quasi-judicial. Peytan v. Ellis, 200 Conn. 243, 245 (1986).
I do not conclude that a report sent to a broker-dealer such as Advantage Capital Corp. qualifies as a quasi-judicial proceeding under the fairly narrow guidelines of Connecticut case law.
It is, at best, a qualified privilege which may be defeated if made with malice, knowledge of its falsity or reckless disregard of its truth, or made in bad faith or an improper nature. See Bleich v. Ortiz, 196 Conn. 498, 504 (1985); Woodcockv. Journal Publishing Co., 230 Conn. 525, 527 (1994).
These issues are sufficiently in dispute to deny summary judgment relief.
The Motion for Summary Judgment is denied.
Klaczak, J.