[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISIONCT Page 11177 (MOTION FOR SUMMARY JUDGMENT)
On October 24, 1997, the plaintiff, Delgado, was operating her motor vehicle in a westerly direction on New Haven Avenue in Milford, Connecticut. The defendant Mason was traveling directly behind the plaintiff. The plaintiff and the defendant Mason allege to have been stopped in a line of traffic when the defendant Mason's vehicle was struck from behind by the defendant Samuleman, causing the defendant Mason's vehicle to be pushed into the rear of plaintiff Delgado's vehicle.
The defendant Mason has filed a motion for summary judgment as a matter of law because, he argues, the evidentiary record shows that he was not responsible for the injuries and damages alleged to have been incurred by the plaintiff. The defendant Mason argues that the defendant Samuleman is the responsible defendant as the vehicle operated by Samuleman and owned by the defendant Deborah Valalik was the vehicle which caused the accident by failing to stop.
The defendant Samuleman, in opposing the motion for summary judgment, argues that as Connecticut is a comparative negligence state, questions of fact regarding the distinct and separate issues of negligence, contributory negligence and proximate cause, must be decided at trial by the trier of fact. The defendant Samuleman further argues that motions for summary judgment are ill-adopted to negligence cases.
The plaintiff Delgado has also filed an objection to (defendant Mason's motion for summary judgment. The plaintiff, however, has filed no legal memorandum, affidavits or documentary evidence to support her objection.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial 1court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co.,supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp. 229 Conn. 99CT Page 11178(1994).
The defendant Mason has offered a photocopy of the investigating police officer's accident investigation report as proof that no genuine issue of material fact exists. The report "contains portions which are not based on the police officer's own observations or personal knowledge, as the officer did not see the accident occur. Portions of the report may not be admissible at the time of trial.
Additionally, the defendant Mason offers as an exhibit his own affidavit, describing his version of the events resulting in the collision of the Samuleman vehicle with his own, and the resulting collision of his vehicle and the plaintiff's vehicle. "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the non-movant, and he is to be given the benefit of all favorable inferences that can be drawn."Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516,391 A.2d 157 (1978). In reviewing the affidavit, the court agrees with the defendant Samuleman, that the defendant Mason's statements are primarily self-serving opinions. The police officer's report and the defendant Mason's affidavit are not dispositive of factual issues presented by this negligence case and are insufficient to sustain a motion for summary judgment.
Where claims of negligence are involved, a summary disposition is inappropriate. "Summary disposition is especially ill-adopted to negligence cases, where the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . The conclusion of negligence is-necessarily one of fact." Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975).
Accordingly, the motion for summary judgment is denied.
The Court
By Arnold, J.