[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On April 12, 1999, the plaintiff, Labor Ready, Inc. (Labor Ready), a Washington corporation authorized to transact business in Connecticut, filed a five-count verified complaint and application for temporary injunction against the defendant, David Zambory, a former branch manager. The verified complaint alleges (1) breach of contract, (2) promissory estoppel, (3) violation of Connecticut's Unfair Trade Practices Act (CUTPA), (4) misappropriation of trade secrets, and (5) unjust enrichment. On June 1, 1999, an evidentiary hearing was held and a temporary injunction was issued against the defendant by the court,DeMayo, J., for breaching post-termination restrictive covenants in the defendant's employment contract with the plaintiff, Labor Ready.[1]
On June 29, 1999, the plaintiff filed a motion to amend the complaint, together with an amended complaint, adding Labor Ready Northeast (Northeast), a newly created regional subsidiary of Labor Ready, Inc., as an additional plaintiff. The court, DeMayo, J., granted the plaintiff's motion to amend its complaint on August 2, 1999. This amendment left the counts against the defendant unchanged and added Northeast as a plaintiff. CT Page 16321
On June 26, 2000, the plaintiffs filed a motion for partial summary judgment as to liability on count one of the amended complaint, the breach of contract claim. The motion was accompanied by a memorandum of law in support of the motion, as well as exhibits filed under seal. The defendant timely filed a memorandum in opposition, and the plaintiffs filed a reply thereto. The court heard oral argument on September 18, 2000.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). Practice Book §17-51 authorizes the severance of claims and partial summary judgments. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appletonv. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
The plaintiffs move for summary judgment on count one, the breach of contract claim on the ground that there is no genuine issue of material fact and that the plaintiffs are entitled to judgment as a matter of law. The plaintiffs argue that the law of the case applies and Judge DeMayo's decision in the temporary injunction hearing should apply. Additionally, the plaintiffs assert there is no genuine issue of material fact as to whether the defendant violated the post-termination restrictive covenants. In opposition, the defendant argues that he has not breached the restrictive covenants.
"`A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision. . . . [O]ne judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law.'"[2] (Internal quotation marks omitted.). Linden Condominium Assn., Inc. v. McKenna,247 Conn. 575, 582 n. 9, 726 A.2d 502 (1999), quoting Breen v. Phelps,186 Conn. 86, 98-99, 439 A.2d 1066 (1982). "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the CT Page 16322 opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Breen v. Phelps, 186 Conn. 86, 99,439 A.2d 1066 (1982).
The plaintiffs argue that Judge DeMayo granted the temporary injunction on the ground that the defendant breached paragraph 15(c) of the employment contract and, therefore, that holding should apply in the current motion for partial summary judgment. (Plaintiffs' memorandum, pp. 19-20.) Judge DeMayo's decision was issued, however, from the bench with no written decision. Furthermore, the plaintiffs have not given this court a full transcript of the hearing before Judge DeMayo, despite numerous excerpts cited by the plaintiffs in their memorandum. This court finds that it is unable to ascertain whether Judge DeMayo actually ruled on the particular issue raised by the plaintiffs' motion for partial summary judgment. See Gould v. M B Motorsport, Superior Court, judicial district of Waterbury, Docket No. 112515 (November 30, 1994, Sylvester,J.).
Additionally, the evidence evaluated in the prior proceeding may not have been complete because the temporary injunction hearing occurred before the pleadings were amended and discovery took place. (Defendant's memorandum, p. 13.) Any additional information gathered during discovery could be considered "new and overriding" and would allow this court to come to its own determination on the merits. Furthermore, a temporary injunction and a motion for summary judgment are governed by different standards of review. "The purpose of a temporary injunction . . . [is] to preserve the status quo until the rights of the parties can be determined after a full hearing on the merits. . . . On the other hand, summary judgment may only be granted if there are no genuine issues of material fact." (Citations omitted; internal quotation marks omitted.) Hayes v.The Rowayton Beach Assn, Inc., Superior Court, Stamford-Norwalk at Stamford, Docket No. 173727 (March 2, 2000, Lewis, J.) Therefore, the law of the case is inapplicable to the issue before the court in the plaintiffs' motion.
The plaintiffs further argue that there are no genuine issues of material fact as to whether the defendant violated the restrictive covenants of the employment contract in two ways.[3] First, the plaintiffs argue that the defendant solicited business from the plaintiffs' customers and second, the plaintiffs argue that the defendant violated the covenant not to compete.
 1. Soliciting business from the plaintiffs' customers 
The plaintiffs claim that after the defendant left Labor Ready's employ, he solicited business from the plaintiffs' customers in violation CT Page 16323 of paragraph 15(a) of the contract. (See Plaintiffs' memorandum, pp. 7-10; see also Plaintiffs' memorandum, Exhibit C, Zambory Deposition.) In opposition, the defendant argues that he did not solicit the business of the plaintiffs' customers without first ascertaining if they were present customers of the plaintiffs and that none were current Labor Ready customers. (See Defendant's memorandum, Exhibits 2(S)[4], 5(S), 7 (S), 11(S), 12(S), and 14(S).) The defendant further argues that the covenant phrase "any customer or customers of [Labor Ready]" is read to mean current customers of Labor Ready and, therefore, he was not restricted from doing business with former customers of the plaintiffs.[5] (See Defendant's memorandum, p. 4; see also Defendant's memorandum, Exhibit C, Zambory Deposition, pp. 107; 110-112.)
The question for the court is whether the plaintiffs have met their burden and supported their allegation that there is no genuine issue of material fact that the defendant solicited their customers in violation of the restrictive covenants.
The plaintiffs offer affidavit of employee, Lisa Linke, in support of their argument that the customers solicited by the defendant were the plaintiffs' current customers. (See Plaintiffs' Reply Memorandum, Exhibit 1. Linke Affidavit.) "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Practice Book § 17-46. "[I]t is also recognized that conclusory allegations and allegations which are not based on the affiant's personal knowledge are not sufficient to demonstrate pretext or to defend against a motion for summary judgment."Langner v. The Stop Shop Supermarket, Superior Court, judicial district of New Haven at New Haven, Docket No. 377385 (January 27, 2000, Licari,J.); see also Gupta v. New Britain General Hospital, 239 Conn. 574, 583,687 A.2d 111 (1996). It is "[especially] appropriate to hold an affidavit submitted by a moving party to a stringent standard." McCarroll v.Marquis, Superior Court, judicial district of Danbury, Docket No. 331743 (October 29, 1999, Moraghan, J.), citing Evans Products Co. v. ClintonBuilding Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978).
In this case, the affiant is a "Decision Support Analyst in Labor Ready's Financial Department." The court is given no description of what the affiant's job entails, how the job relates to the plaintiffs' customers or information about the affiant's breadth of personal knowledge about Labor Ready's customer base. Additionally, the affiant states in a conclusory manner that all of the customers in question were indeed customers of Labor Ready's. There are, however, no supporting documents to this effect. There are no customer contracts or affidavits attached to verify this information. Overall, the self-serving affidavit CT Page 16324 given by the plaintiffs does not provide sufficient evidence to prove that there is no genuine issues of material fact on this point. SeeEmerson v. Super 8 Motel, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 167745 (April 12, 1999, Lewis,J.) (summary judgment granted because conclusory affidavit not sufficient to establish genuine issue of material fact); Hyman v. Garced, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153421 (November 9, 1998, D'Andrea, J.) (summary judgment denied in fact intensive case because "[t]he single self-serving affidavit of the defendant . . . does not provide sufficient evidence to grant summary judgment."); Estes v. D'Elia, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 152655 (October 26, 1998,D'Andrea, J.) (summary judgment denied because a self-serving "affidavit is not evidence that there is no genuine issue of fact. It is merely a conclusory self-serving document. ")
Furthermore, it is a reasonable interpretation on the part of the defendant to find the clause "any customer or customers" of Labor Ready to mean Labor Ready's current customer base, as opposed to current and former customers. "[T]he general rule [is] that ambiguous provisions in a contract are to be interpreted against the drafter." Imperial Casualty Indemnity Co. v. State, 246 Conn. 313, 329, 714 A.2d 1230 (1998); see also Rejouis v. Greenwich Taxi, Inc., 57 Conn. App. 778, 786, 750 A.2d 501
(2000). Therefore, when the court views the evidence in a light most favorable to the defendant, as the nonmoving party, the plaintiffs fail to meet their burden and there is a genuine issue of material fact as to whether the defendant violated the covenant by soliciting the plaintiffs' customers.
 2. Violation of the covenant not to compete 
The plaintiffs also argue that after the defendant left Labor Ready's employ, he violated the covenant not to compete "within a radius of ten (10) miles from Company's office at which Employee was last employed." (See Plaintiffs' memorandum, pp. 9-10; see also Plaintiffs' memorandum, Exhibit C, Zambory Deposition.) The plaintiffs argue the covenant means the defendant is permitted to work outside the ten mile radius, but cannot do business within the ten mile radius of Labor Ready's office. The plaintiffs offer Judge DeMayo's holding in the temporary injunction as evidence of this interpretation. (See Plaintiffs' memorandum, pp. 19-20.)
The defendant argues there are alternative readings of this restrictive covenant clause.[6] (Defendant's memorandum, pp. 14-16.) The defendant offers evidence of an interpretation by a Maryland trial court judge who read the same restrictive covenant in an entirely different way. (See CT Page 16325 Defendant's memorandum, Exhibit E, transcript of Labor Ready v. Abis.) The Maryland court interpreted the clause as stating that the defendant could not work for a competitor within a ten mile radius of Labor Ready's office, but the defendant could have customers within the ten mile radius. (See Defendant's memorandum, Exhibit E, transcript of Labor Readyv. Abis.)
In viewing the evidence submitted by the parties in a light most favorable to the defendant, as the nonmoving party, while the covenant contained within paragraph 15(c) of the employment contract may be reasonable; see Hare v. McClellan, 234 Conn. 581, 589, 662 A.2d 1242
(1995) (finding that, in Connecticut, whether a covenant not to compete "is reasonable or unreasonable is a question of law for the court."); the plain language of the covenant may be given a variety of interpretations, thereby raising genuine issues of material fact. Even if the court were to give greater weight to the plaintiffs' interpretation of the language of the covenant, the court already established that it is not required to follow Judge DeMayo's holding in the temporary injunction because that order was made without any written decision. Thus, the court has no insight into whether Judge DeMayo rendered the decision on the plaintiffs' motion for a temporary injunction on the basis urged by the plaintiffs. Accordingly, the plaintiffs, as the moving party, fail to meet their burden of showing that there is no genuine issue of material fact in this case. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, supra, 254 Conn. 209. Accordingly, the plaintiffs' motion for partial summary judgment is denied.
Howard F. Zoarski, Judge Trial Referee