On November 2, 2001, the plaintiff, Countrywide Home Loans, Inc., filed the instant Motion for Summary Judgment (#189) and supporting affidavit from Anita Holbrook, Mortgage Officer. In her affidavit, Ms. Holbrook refers to the note and mortgage in question as having been executed by Defendant Gilbert R. Rogers, Jr. However, the note and mortgage, copies of which are attached to the affidavit, indicate that the note and mortgage were executed by "Gilbert R. Rogers, Jr. by Richard W. Malafronte, his Attorney-in-Fact."
"A trial court may appropriately grant a motion for summary judgment only when the affidavits and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Catz v. Rubenstein, 201 Conn. 39, 48, 513 A.2d 98
(1986). Practice Book § 17-46 provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton Building Supply,Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978).
General Statutes § 47-10 provides, in pertinent part, "[w]hen a conveyance is executed by a power of attorney, the power of attorney shall be recorded with the deed, unless it has already been recorded in the records of the town in which the land lies and reference to the power of attorney is made in the deed."
While the note and mortgage were executed by a power of attorney, the affidavit is not also accompanied by a copy of the power of attorney recorded with the deed. Accordingly, the affidavit is insufficient support for the motion for summary judgment, which gives rise to a genuine issue of material fact. This deficiency calls into question the validity of the note and mortgage and also gives rise to a genuine issue of material fact as to the Motion for Summary Judgment (#206) filed by the third-party defendant, First American Title Insurance Company, on January 23, 2002.
Accordingly, for the hereinstated reasons, the Motion for Summary Judgment (#189) and the Motion for Summary Judgment (#206) are hereby denied. CT Page 4070-j