[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON PLAINTIFF AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT
Between August 6, 1990 and October 5, 1990, the plaintiff Schulte Corporation sold and delivered merchandise to the defendant New England Door and Hardware, Inc. for a price of $29,118.99. The defendant has paid $2,005.07 on the debt leaving a balance due of $27,113.92 which the defendant has neglected and refused to pay. CT Page 7407
The plaintiff moves for summary judgment on the debt. "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985). "Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion." Id.; Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 516 (1978). "Supporting and opposing affidavits `shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affidavit is competent to testify to the matters stated therein.'" Mingachos,196 Conn. at 111, quoting Practice Book 381.
In support of its motion for summary judgment the plaintiff has submitted the affidavit of its controller which lists the merchandise sold and delivered and the principal balance due of $27,113.92. The plaintiff also claims that pursuant to General Statutes 37-3a, it is entitled to interest of $7,004.42. The total sum due from the defendant is $34,118.34.
The defendant asserts that no contract or quasi-contract exists between the plaintiff and the defendant. This claim is without merit as the affidavit clearly states that the merchandise resulting in the debt was sold to the defendant.
The defendant, in its motion for summary judgment, claims that the affidavit submitted by the plaintiff is insufficient to support a motion for summary judgment, in that the affidavit does not aver or affirmatively show personal knowledge of the affiant. "[I]n summary judgment proceedings, affidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein." Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 515 (1978). The instant case, however, is distinguishable from Evans Products. In the instant case the affiant is the controller of the plaintiff corporation. In Evans Products, the affiant was merely a corporate officer and it could not be presumed that this officer had personal knowledge of the corporate matters stated in the affidavit. Id. at 514-515. The Evans Products case appears CT Page 7408 to acknowledge, however, that a statement that an individual "is familiar with or controls the plaintiff's business records" shows the personal knowledge of the affiant. Id. at 515 (emphasis added). since such a statement is made in the affidavit in the instant case, the personal knowledge of the affiant has been demonstrated. As such, it is undisputed that the defendant owes the aforementioned debt.
Accordingly, the plaintiff's motion for summary judgment is granted and the defendant's motion is denied.
JOSEPH H. GOLDBERG SENIOR JUDGE