[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT (#119)
FACTS
The plaintiff, Margaretten Co., n/k/a Chemical Residential Mortgage Corporation, filed its complaint on December 8, 1995, alleging that the defendants, Arvind Parikh and Parvina A. CT Page 197-HH Parikh, failed to pay their monthly mortgage installments beginning on May 1, 1995 and continuing thereafter. On May 13, 1996, the court granted the plaintiff's motion for summary judgment as to liability only. Then the court, on July 29, 1996, entered an order awarding a judgment of strict foreclosure to the plaintiff and set the law date for August 26, 1996. Thereafter, on August 28, 1996, the court granted the defendants' motion to reopen judgment and on September 16, 1996, granted the defendants' motion for permission to amend pleadings, allowing for the following special defense:
 The bank has alleged a default occurring in May, 1995. However, the bank in July, 1995, accepted a mortgage payment and thereby waived any prior default. Thereafter, the defendants, Mr. Mrs. Parikh, repeatedly made tenders of mortgage payments each and everyone of which was refused. The bank's refusal after the waiver was improper and is the reason why the arrearage has grown to its present point. The refusal to accept proper tenders constitutes a breach by the bank and they are not entitled to foreclosure.
On November 13, 1996, the plaintiff filed this motion for CT Page 197-II summary judgment along with an accompanying affidavit of debt, the mortgage, letters from the plaintiff to the defendants, dated August 24, 1995 and November 8, 1995, and a supporting memorandum. The defendants filed a memorandum in opposition with an affidavit from Mr. Parikh. In response the plaintiff filed a memorandum in reply to the defendants' memorandum in opposition.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "A summary disposition . . . should be on the evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets omitted; internal quotation marks omitted.) Id., 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citation omitted.) Doty v. Mucci, supra,238 Conn. 805. "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts CT Page 197-JJ which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citation omitted.) Id.
Practice Book § 381 provides, in relevant part, that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."
The defendants' special defense attacks the enforcement of the note and mortgage by alleging (1) that by accepting the July 24, 1995 payment, the plaintiff waived any prior default and (2) the plaintiff's refusal to accept subsequent tenders of mortgage payments after the alleged waiver was improper. The plaintiff's affidavit of debt was executed by Brian Sokol (Sokol), a foreclosure analyst for the plaintiff. Sokol states that he is fully familiar with the facts and that the last payment received by the plaintiff was on July 24, 1995, in the sum of $988.00; this payment was applied to the payment due on April 1, 1995, and it replaced the defendants' prior check which failed to clear. The affidavit also states that the plaintiff sent a letter to the defendants on August 24, 1995, advising of the defendants' default and possible foreclosure proceedings, as well as advising of the open payments and the amount to bring them current.
This court finds that the July 24, 1995, check was properly CT Page 197-KK applied to the April 1995 mortgage installment. At the time the check was received the defendants' payments for April, May, June, and July were past due. It defies logic to conclude that the plaintiff must apply a check received in July to the July mortgage installment when the installments for the three previous months were also due.
Furthermore, as the affidavit illustrates, the sequence of events made it impossible for the plaintiff to waive any prior default. The defendants made two payments for their April 1, 1995 mortgage installment. The first payment failed to clear and the defendants next made payment on July 24, 1995. The plaintiff applied this payment to the previously due April installment. The defendants made no further payments from that point forward. Since the July 24, 1995 payment was made prior to the date the acceleration notice, dated August 24, 1995, was sent to the defendants, the plaintiff could not have waived the default.
Moreover, paragraph eleven of the mortgage, entitled "Borrower not released: Forbearance by Lender not a Waiver, states, in pertinent part, that "[a]ny forbearance by lender in exercising any right to remedy shall not be a waiver of or preclude the exercise of any right or remedy." Accordingly, since acceptance of the July 24, 1995 payment did not constitute a waiver of a prior default, the court need not address the second CT Page 197-LL part of the special defense, which alleges that after the waiver it was improper to refuse to accept subsequent mortgage payments.
The defendants argue that the affidavit of debt submitted by the plaintiff is insufficient to support a motion for summary judgment because the affidavit is not based on Sokol's personal knowledge. "[A]ffidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein." Evans Products Co. v. Clinton BuildingSupply, Inc., 174 Conn. 512, 515, 391 A.2d 157 (1978). "The EvansProducts case appears to acknowledge, however, that a statement that an individual `is familiar with or controls the plaintiff's business records' shows the personal knowledge of the affiant. (Citation omitted.) Schulte Corporation v. New England Door andHardware, Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 455123 (August 5, 1993, Goldberg, J., 8 CSCR 966). Furthermore, in Brookfield v.Candlewood Shores Estates, Inc., 201 Conn. 1, 8-9, 513 A.2d 1218
(1986), the court found that an affidavit stating that the affiant was "familiar with the subject matter of [this] suit" complied with the requirements of Practice Book § 381. This case is distinguishable from Evans Products because in that case the affiant made no affirmative showing of personal knowledge in the affidavit. Sokol's affidavit affirmatively states that he was "fully familiar with the facts set forth herein." This court CT Page 197-MM finds that such a statement sufficiently demonstrates Sokol's personal knowledge.
The defendants also argue that Mr. Parikh's handwritten affidavit creates a question of fact that precludes the granting of summary judgment. The affidavit states that the check, which the defendants cashed, previously referred to as the July 24, 1995 check, indicates that it was for the July mortgage installment. The check, however, does not explicitly state that this check was to be applied to the July mortgage installment. As this court has found that the check was properly applied to the April installment, Mr. Parikh's affidavit does not create a dispute as to a material fact.
For the foregoing reasons, the plaintiff's motion for summary judgment is granted.
HON. WALTER M. PICKETT, JR. State Judge Referee