[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Presently before the court is the defendant, Lonrho, Inc.'s (Lonrho) motion to dismiss the plaintiff's substituted complaint for lack of personal jurisdiction. The substitute complaint ("the complaint") alleges as follows: The plaintiff, Sandra Hersey, is a resident of Newington, Connecticut, and the defendant, Lonrho, is a corporation that conducts business in Connecticut as Princess Vacations, Inc., (formerly known as Princess Casinos, Inc.); Princess Vacations; Princess Vacations International; and/or Bahamas Princess Resort Casino. On April 30, 1997, Hersey, while a registered guest at Lonrho's hotel, fell into a hole on the defendant's negligently maintained premises that was filled with hot water and/or steam and suffered serious injuries and burns.
On December 31, 1997, Hersey filed her initial complaint in this action against Princess Hotels International, Inc. (PHI), which was identical to the substitute complaint except for the defendant. Thereafter PHI moved to dismiss the complaint for lack of personal jurisdiction. PHI maintained that the court lacked personal jurisdiction in the action because PHI was not a Connecticut corporation, it was not licensed to conduct business in Connecticut, and the Connecticut Long Arm Statute did not bestow personal jurisdiction over it. In response, Hersey, filed the substitute complaint and cited in Lonrho as the party defendant in place of PHI.
The grounds for Lonrho's motion to dismiss mirror those put forward by the original defendant in this action, PHI. In support of its motion, Lonrho has provided the court with the required memorandum of law and an affidavit. In opposition to the motion to dismiss, the plaintiff has filed a memorandum of law, exhibits and affidavits.
The defendant argues in support of its motion to dismiss that CT Page 3823 the Connecticut Long Arm statute, General Statutes § 33-929, does not provide the court with the necessary authority to exert personal jurisdiction in this action. Specifically, the defendant argues that it is not a Connecticut corporation, is not authorized to conduct business in this state and it has not solicited business in this state so as to allow personal jurisdiction in this action.
The plaintiff argues in opposition to the defendant's motion to dismiss that the court does have personal jurisdiction over the defendant pursuant to General Statutes § 33-929 and the motion to dismiss must be denied. Essentially, the plaintiff argues that Lonrho, as the parent corporation to many subsidiary corporations that advertise in Connecticut for the "Bahamas Princess hotel/resort" (Resort), is responsible, either directly or indirectly, for the solicitation of business in Connecticut. Therefore, because the plaintiff claims she purchased her tickets for her Bahamas vacation as a result of Lonrho's solicitation, the court has Long Arm jurisdiction over the defendant pursuant to General Statutes § 33-929 (f)(2). Alternatively, the plaintiff argues that if the court cannot determine whether it has personal jurisdiction over the defendant because of an inadequately developed record, then discovery should proceed followed by a subsequent evidentiary hearing on jurisdiction.
Practice Book § 10-30 requires a defendant to challenge personal jurisdiction by filing a motion to dismiss. Knipple v.Viking Communications. Ltd., 236 Conn. 602, 605, 674 A.2d 426
(1996). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991).
"[A] motion to dismiss challenging the court's jurisdiction, [requires] a two part inquiry. . . . The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Citations omitted; internal quotation mark omitted.)Knipple v. Viking Communications. Ltd., supra, 236 Conn. 605-06. CT Page 3824
The defendant Lonrho, by filing the present motion to dismiss, has raised the issue of whether the court has personal jurisdiction in this action. The burden of proving whether personal jurisdiction exists over the defendant is now upon the plaintiff. "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. VikingCommunications. Ltd., supra, 236 Conn. 607-08.
The defendant conceded at page 2 of its reply memorandum that "[i]t is clear that the Bahamas Princess Resort Casino was advertised and business solicited in Connecticut. . . ." Through the use of her pleadings, exhibits and affidavits, the plaintiff has attempted to demonstrate that the defendant Lonrho maintains an intricate corporate structure to direct the advertising campaign for the Resort in Connecticut.
The plaintiff's evidence presents a circumstantial case that Lonrho solicited business in Connecticut. The affidavits and exhibits filed on behalf of plaintiff indicate that Lonrho is the parent corporation of corporate entities that solicit business in Connecticut on behalf of the Resort and that the various corporate entities have common corporate officers. But the plaintiff's evidence does not demonstrate that Lonrho directed or authorized the Connecticut advertising campaign for the Resort.
Conversely, Lonrho has submitted the affidavit of R.H. Funke, general counsel for Princess Hotels International, Inc., in support of its motion to dismiss. In his affidavit, Funke states that he is "familiar with the business dealings of Princess Hotels International, Inc., and more specifically, its business dealings on or about April 30, 1997." (Funke Aff't ¶ 2.) However, Funke then goes on to make various assertions concerning Lonrho, and its business operations; despite the fact that Funke never claims to be familiar with the Lonrho corporation in his affidavit.
The court is unable to rely on the defendant's affidavit to refute the plaintiff's claim of jurisdiction because the averments in Funke's affidavit are not based upon his own personal knowledge. It is well-established that Practice Book § 17-46 "requires that affidavits state facts based on personal knowledge that would be admissible in evidence." UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377, CT Page 3825260 A.2d 596 (1969). "Where affidavits submitted do not satisfy the requirements of [Practice Book § 17-46], a court cannot rely on them when deciding a [motion to dismiss]." FederalDeposit Insur. Corp. v. Coyne, Superior Court, judicial district of Stamford-Norwalk at Milford, Docket No. 117860 (February 4, 1993, Lewis, J.). "Affidavits which do not contain a positive averment of personal knowledge are inadmissible." Evans ProductsCo. v. Clinton Building Supply Inc., 174 Conn. 512, 515,391 A.2d 157 (1978).
That the plaintiff is faced with a daunting task in delineating the relationship of defendant to the Resort and the course of solicitation in Connecticut is amply demonstrated by the multiple roles of defendant's affiant, Funke. He is also named in a number of the exhibits filed by plaintiff, as secretary to no less than three interrelated corporate entities with some claimed relationship to the Resort and its advertising
Confirming the complexity of ascertaining defendant's role is a prior court decision involving another accident at the Resort. A motion to dismiss in Katz v. Princess Hotels International,Inc. et al, 839 F. Sup. 406, 407 (E.D.La. 1993), focused upon the complicated corporate structure pertaining to the ownership and advertising of the Resort. The entities at issue in that case included those implicated here. The court described "a maze of corporate structures that are now raised as barriers, perhaps superficial, perhaps real, to this Court's jurisdiction." It also noted in a footnote (at pg. 411) "[e]ven Mr. Funke . . . at times got confused in his deposition about the maze of companies."
The court cannot ascertain whether personal jurisdiction exists over the defendant based solely upon the parties' affidavits and exhibits. That evidence is insufficient to determine if the statutory test of General Statutes § 33-929
and the needs of due process have been met in this situation.
"A motion to dismiss may . . . raise issues of fact, and would, therefore, require a . . . hearing [to determine the facts]." (Internal quotation marks omitted.) Standard TallowCorp. v. Jowdy, supra, 190 Conn. 56. "In almost every setting where important decisions turn on question of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.) Id., 56. "When issues of fact are necessary to a determination of the court's jurisdiction, due process requires that a trial-like CT Page 3826 hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id., 56. In light of the above, an evidentiary hearing to determine the facts underlying jurisdiction will be necessary. See Clark v. Club Med,Inc., Superior Court, judicial district of New London at New London, Docket No. 511265 (August 29, 1990, Axelrod, J.) (court ordered evidentiary hearing on issue of personal jurisdiction because factual issues present).
Accordingly, the court adopts the procedure utilized in theKatz case. Each party may conduct discovery necessary to the proper presentation of evidence at such hearing and the motion to dismiss is denied in the interim, without prejudice. Upon the completion of such discovery, defendant may renew its motion to dismiss and an evidentiary hearing will take place.
James T. Graham Superior Court Judge