[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#126) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#130) I FACTS
This action arises out a claim for underinsured motorist benefits. On July 16, 2002, the plaintiff, Timothy Perras, filed an amended four count complaint against the defendant, Allstate Insurance Company, alleging breach of contract, bad faith, unfair claim settlement practices in violation of both the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816 (6), and reckless and willful misconduct in violation of CUTPA.[1]
According to the complaint, on June 6, 2000, the plaintiff, who was driving his car on Route 97 in Pomfret, Connecticut, slowed to avoid striking another vehicle in front of him, at which time his vehicle was rear-ended by a truck, owned and operated by Scott J. Downer. As a result of being rear-ended, the plaintiff suffered personal injuries. Downer's motor vehicle liability insurance carrier paid the full policy limits to the plaintiff as compensation for his injuries. The plaintiff, having exhausted Downer's liability insurance policy, sought compensation from the defendant, the plaintiffs own motor vehicle insurance carrier, pursuant to the terms of the insurance contract and in accordance with General Statutes § 38a-336.[2] The plaintiff commenced this action after the defendant failed to pay the plaintiffs demand.
On September 20, 2002, the defendant filed a motion for summary judgment (#126) and supporting memorandum as to the entire complaint on the ground that there is no genuine issue of material fact because there was no tortfeasor.[3] Included with the memorandum were partial, uncertified transcripts of deposition testimony of Downer, the plaintiff, and Kiern Reed, a third driver involved in the accident. On CT Page 490 October 3, 2002, the plaintiff filed an objection and memorandum in opposition to the defendant's motion with supporting evidence.[4]
On October 4, 2002, the plaintiff filed a motion for summary judgment (#130) and supporting memorandum as to the first count of his complaint on the ground that there is no genuine issue of material fact with respect to the negligence of Downer. Included with the memorandum was an affidavit of Peter Plante, a traffic accident reconstructionist, and partial, uncertified transcripts of deposition testimony of Downer, the plaintiff, and Reed. On November 1, 2002, the plaintiff filed an objection and memorandum in Opposition to the defendant's motion with partial, uncertified transcripts of deposition testimony of Downer, Reed and the plaintiff as supporting evidence.
 II DISCUSSION
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250, 802 A.2d 63
(2002). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 421 n. 3, 727 A.2d 1276 (1999).
"[T]he Superior Court has been split as to whether deposition testimony, either uncertified or certified, may be considered for the purposes of a motion for summary judgment. . . . [W]e have not determined it to be improper for a trial court to consider deposition testimony in ruling on a motion for summary judgment." Schratwieser v. Hartford Casualty Ins. Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915, 696 A.2d 340 (1997). "[T]he trend in the Superior Courts [however] is to consider certified but not uncertified, deposition testimony when ruling on a motion for summary judgment. . . . Courts following this trend reason that the court cannot consider . . . uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it CT Page 491 fails to comply with the requirements of the Practice Book." (Citations omitted; internal quotation marks omitted.) Michaud Estate v. Beckman, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 99 0268302 (May 15, 2002, Wiese, J).
 A Defendant's Motion for Summary Judgment (#126)
To support its motion, the defendant has submitted a partial transcript of deposition testimony which is uncertified. The defendant has provided no adequate documentation such as affidavits in support of the position it asserts. This court is satisfied that this dual failure is fatal to the defendant's motion for a summary judgment. See Wahison v. Metropolitan Prop., Superior Court, judicial district of Litchfield, Docket No. CV 97 0075547 (July 24, 2002, Moraghan, J.T.R.).
Moreover, the defendant's primary argument in support of summary judgment is that the plaintiff "is not entitled to underinsured motorist coverage because no person is at fault for the accident." (Defendant's Memorandum p. 6) It follows, according to the defendant, that if the accident was unavoidable, then the defendant's actions were appropriate and, therefore, the complaint is meritless. Thus, the defendant's motion rests entirely on the determination of whether or not the accident was unavoidable.
Even if the court were to consider the uncertified deposition portions proffered by the defendant, a material issue of fact exists as to whether or not Downer was at fault. The defendant argues that the findings of the police officer investigating the accident, in combination with the deposition testimony of Reed, Downer and the plaintiff, demonstrate an unavoidable accident. First, the defendant has offered no admissible evidence to substantiate its conclusory assertion that the police officer investigating the accident made statements that no party was culpable. "A [party's] conclusory assertion . . . does not constitute evidence sufficient to establish the existence of a disputed material fact for purposes of a motion for summary judgment." Hoskins v. Titan Value Equities Group,Inc., 252 Conn. 789, 793-94, 749 A.2d 1144 (2000). While the portion of Reed's deposition testimony makes reference to statements made by the officer, "[o]ur courts have repeatedly held that hearsay statements are inadmissible evidence pursuant to Practice Book § [17-46] and that a mere assertion of fact is insufficient to establish the existence of a material fact." Associates Financial Services of America, Inc. v.Sorensen, 46 Conn. App. 721, 733, 700 A.2d 107 (1997).
Second, the court finds the portion of deposition testimony of Reed CT Page 492 inconclusive with respect to whether the accident was unavoidable. Likewise, the portion of the deposition testimony of Downer, construed in the light most favorable to the plaintiff, is inconclusive as to whether Downer was operating his vehicle within a reasonable speed. Thus, this testimony is insufficient for the defendant to overcome its burden. SeeWitt v. St. Vincent's Medical Center, 252 Conn. 363, 377, 746 A.2d 753
(2000) ("To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.").
Finally, the defendant has offered a portion of the plaintiffs deposition testimony as evidence that the plaintiff admitted that Downer was not at fault. The courts finds this "admission" to be equally inconclusive. "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985). "At trial, in open court, the testimony of [the plaintiff] may contradict [his] earlier statement and a question for the jury to decide may then emerge." Id.
The court finds an issue of material fact without reaching the plaintiffs evidence.[5] Because the defendant's motion for summary judgment (#126) is not supported by appropriate documents and fails to establish that no genuine issue of material fact exists, the motion for summary judgment is denied.
 B Plaintiffs Motion for Summary Judgment (#130)
To support its motion, the plaintiff has submitted, inter alia, a partial transcript of deposition testimony which is uncertified. Likewise, the defendant has submitted a partial transcript of deposition testimony which is uncertified in support of its opposition to the plaintiffs motion. As previously explained, the court will not consider uncertified portions of deposition transcripts. See Michaud Estate v. Beckman, supra, Superior Court, Docket No. CV 99 0268302.
The plaintiff also submitted an affidavit of an expert. "[Practice Book] § [17-46] sets forth three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. . . . For the purposes of an expert's opinion, the expert's "personal knowledge' of "facts' is comprised of those materials on the basis of which he properly may render his CT Page 493 opinion. . . . Furthermore, an expert's opinion is, for purposes of § [17-46], a "fact' that would be admissible at trial, assuming that the expert is qualified to render such an opinion. Barrett v. Danbury Hospital, 232 Conn. 242, 251, 654 A.2d 748 (1995). "The determination of the qualification of an expert is largely a matter for the discretion of the trial court." (Internal quotation marks omitted.) Beverly HillsConcepts, Inc. v. Schatz Schatz. Ribicoff Kotkin, 247 Conn. 48,61, 717 A.2d 724 (1998).
"It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn.' Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 516, 391 A.2d 157 (1978). "[J]t should be noted that in summary judgment procedure, although Practice Book § 17-45 requires the party opposing the motion to file counter affidavits, the party's failure to do so does not mean the sufficiency of the moving party's affidavits cannot be attacked." Chro Ex. Rel Thomas Rowley v. J.E.Ackley, Superior Court, judicial district of New London, Docket No. CV 99 550633 (July 20, 2001, Corradino, J.)' citing Evans Products Co. v.Clinton Building Supply, Inc., supra, 174 Conn. 514.
Thus, with the affidavit of Plante as his sole admissible evidentiary support, the plaintiff moves for summary judgment on the issue of Downer's negligence. Despite that the defendant has submitted no supporting counter-affidavits or other admissible evidence, the court will give the defendant the benefit of all favorable inferences that can be drawn from the plaintiffs affidavit. See Evans Products Co. v. Clinton Building Supply, Inc., supra, 174 Conn. 516.
The court finds that the paucity of the plaintiffs evidence is insufficient to resolve-the highly factual question at issue. Specifically, the cursory affidavit of Plante, submitted by the plaintiff, does not adequately demonstrate the basis upon which Plante rendered his opinion or whether Plante is qualified to render such an opinion. The affidavit, by itself, would not meet the stringent standard required for summary judgment, especially in a case such as this.[6]
Moreover, as with the defendant's motion for summary judgment (#126) on essentially the same issue, even if the court were to consider all of the plaintiffs evidence including the uncertified deposition evidence, the question of whether Downer was negligent under the circumstances remains a question of material fact.
Accordingly, when viewed in the light most favorable to the nonmovant, CT Page 494 the evidence
reveals a genuine issue of material fact with respect to whether or not Dower was negligent in the operation of his vehicle.
The plaintiffs motion for summary judgment (#130) is denied.
 ___________________ Foley, J.